## 11168

### DEAN v. STANDARD WAREHOUSE CO.

#### (116 S. E., 440)

1. NEW TRIAL—TRIAL JUDGE'S CONCLUSION THAT AFTER FILING OF ORDER GRANTING NEW TRIAL HE LOST JURISDICTION HELD NOT ERROR.—Trial Judge's conclusion that he lost jurisdiction to vacate order granting a new trial after his order granting a new trial had been filed *held* not error.

2. WAREHOUSEMEN—NOT ENTITLED TO NOTICE OF TRANSFER OF RECEIPT.—Under Civ. Code 1912, § 2590, a warehouseman is not entitled to notice of the transfer of cotton warehouse receipts.

Before PRINCE, J., Anderson, 1922. Affirmed.

Action by Rossie Dean against The Standard Warehouse Company. Judgment for defendant, and from an order granting a new trial defendant appeals.

*Mr. John Hood,* for appellant, cites: *Warehouse receipt transferrable only by endorsement and delivery:* 1 Civil Code 1912, Sec. 2590; 101 S. C., 386. *Delivery without endorsement was equitable transfer:* 4 A. & E. Enc. Law, 252; 2 A. & E. Enc. Law, 1099; 11 Rich. L., 432; 56 S. C., 313; 85 S. C., 13; Code Proc. 1912, Sec. 161. *It will not be presumed that jury disregarded correct, and were governed only by incorrect portions of charge:*

116 S. C., 47; 115 S. C., 232. *Attention should have been called to errors:* 96 S. C., 74. *And he cannot now take advantage of such errors:* 117 S. C., 44; 117 S. C., 390; 78 S. C., 551; 93 S. C., 520. *Judge can correct inadvertant error in decree:* 69 S. C., 567; Code Proc. 1912, Sec. 225, 375.

*Mr. A. H. Dagnall,* for respondent, cites: *Exceptions do not conform to rule:* 114 S. C., 323; 116 S. C., 375. *No appeal from general order of new trial:* 109 S. C., 167; 4 C. J., 96. *No notice of transfer of warehouse receipt necessary:* 1 Civ. Code 1912, Sec. 2590. *Receipt may be transferred by delivery:* 40 Cyc., 44, 421, 416, 422, 426; 27 R. C. L., 982. *Punitive damages:* 31 Stat., 293. *Contradictory charge is erroneous:* 102 S. C., 413. *Attorney owes no duty to correct a misstatement of law:* 118 S. C., 262. *Where order was correct failure to hear argument would be harmless error:* 63 S. C., 169: *Judge cannot hear motion for new trial at Chambers:* Code Proc. 1912, Sec. 324, Subd. 4, Sec. 325.

March 21, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought this action for five bales of cotton on the 2d day of October, 1920. T. D. Dean deposited with the Standard Warehouse Company the five bales of cotton, and took the warehouse receipt for them. He took it home, and delivered it to his wife, Rossie Dean, the plaintiff herein, as security for money loaned to the said T. D. Dean by Mrs. Rossie Dean. A short time after that, T. D. Dean took the cotton away from the warehouse, and delivered it to the Anderson Cotton Company, who sold it and deposited the proceeds of sale to the credit of T. D. Dean, in the Bank of Anderson. On the 18th of January, 1922, Mrs. Dean presented the warehouse receipts

to the defendant, and demanded the cotton. The written
assignment of the warehouse receipts was not indorsed on
the receipt until just before the demand was made. The
defendant, of course, could not deliver the cotton it had
already delivered, and denied liability therefor. On the
trial of the case the trial Judge charged the jury that the
warehouse was entitled to notice of the assignment of the
warehouse receipt, and, if it did not have notice, the de-
fendant was not liable. There was no suggestion of notice
to the warehouse company, and the jury found for the de-
fendant. The plaintiff made a motion for a new trial,
which was granted. The defendant's attorney had no no-
tice of the motion. Three orders were made in the matter
of a new trial as follows:

### "Order of August 19th

"A motion for a new trial having been made by A. H.
Dagnall, Esq., attorney for the plaintiff, after argument, it
is ordered that the verdict of the jury be set aside and a new
trial be granted."

### "Order of August 21st

"On the 19th inst. I signed an order in the above-stated
case herein, reading as follows: 'A motion for a new trial
having been made by A. H. Dagnall, Esq., attorney for the
plaintiff, after argument, it is ordered that the verdict of
the jury be set aside and a new trial be granted.'

"At the time of signing the order I was under some mis-
apprehension as to the matter of argument by defendant's
counsel, who has this day stated that he desired to be heard
thereon; it is therefore ordered that the foregoing order be,
and is hereby, set aside and rescinded.

"It is further ordered that the hearing of argument on
the motion for a new trial herein be set for 10:00 o'clock
a. m., on Wednesday, the 23d instant, at my Chambers,
and that this order be forthwith filed with the Clerk of this

Court, and that he give notice thereof to the attorneys for plaintiff and defendant, respectively."

## "ORDER OF AUGUST 28TH

"In the above-entitled cause a verdict for the defendant was rendered at the last term of Court, and a motion for a new trial was made in behalf of plaintiff by Mr. A. H. Dagnall. I, being very unwell, after Mr. Dagnall had argued his motion, continued the hearing till the following week, at the suggestion of Mr. John K. Hood, attorney for the defendant. But the following week I was confined to bed, and several weeks later I decided the motion without hearing any further argument, and granted a new trial. On the day this order was filed Mr. Hood appeared before me, and objected on the ground that I had not heard him, although I had promised to do so. Whereupon, I made an order revoking my former order and setting a day for hearing both sides. At this hearing Mr. Dagnall made the suggestion that, as my order granting a new trial had been filed, I had lost jurisdiction of the case at the time of passing the order revoking the first order, and, as I have concluded that he was right, it is ordered that the verdict of the jury be set aside, and a new trial granted."

The defendant appealed from the orders made on the 19th and 28th.

I. The first question to be considered is the appeal from the order of August 28th. The presiding Judge was holding, or had held, the Court of Common Pleas. The Court of Common Pleas is a Court of general jurisdiction, and the presumption is in favor of its jurisdiction. The trial Judge, however, held that he did not have jurisdiction, and there is nothing in the record to show that this was error. This exception cannot. be sustained.

II. Was the warehouse entitled to notice of the transfer of the warehouse receipt? Code of Laws of South Carolina 1912, Vol. 1, § 2590:

"Warehouse receipts given for any goods, wares, merchandise, cotton, grain, flour, produce or other commodity and chattels stored or deposited with any warehouseman, wharfinger or other person, may be transferred by endorsement and delivery thereof, to the purchaser or pledgee, signed by the person to whom the receipt was originally given, or by an endorsee of such receipt; and any person to whom the same may be so transferred shall be deemed and taken to be the owner of the goods, wares and merchandise therein specified, so far as to give validity to any pledge, lien or transfer made or created by such person or persons; but no property shall be delivered except on surrender and cancellation of said original receipt or the endorsement of such delivery thereon in case of partial delivery. The assignment of warehouse receipts which shall have the words 'Not negotiable' plainly written or stamped on the face thereof shall not be effective until recorded on the books of the warehouseman issuing them."

The provision is plain. The statute forbids the delivery except on the surrender and cancellation of the receipt. The manifest object of the statute was to provide for the farmer a convenient, sure, and cheap form of security. Whatever trouble might develop between the assignor and assignee of the receipt, as long as the assignee had possession of the receipt, he could rest assured that the cotton would remain in the warehouse. This is a hard case, and hard cases frequently make bad precedent. In this case the intention of the statute is plain and it is the duty of the Courts to sustain the law.

III. There is no provision in the statute that requires notice of the assignment, and the Courts have no right to require notice. The right to surrender the cotton depended

upon the surrender and cancellation of the receipt. The cotton was delivered in violation of the terms of the statute, and his Honor was right when he held that he had committed an error of law in charging the jury.

IV. Section 375, Code of Civil Procedure, does not apply, as there is nothing in the case to show that the order of August 19th was made out of Court.

· The judgment is affirmed.

· MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE COTHRAN disqualified, being a stockholder in defendant company.